IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEAN VIPRINO,** | : | CIVIL ACTION NO. 1:21-CV-2014 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **RADM. S. SPAULDING,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Dean Viprino, asserts that the United States Bureau of Prisons has improperly calculated his sentence. We will deny the petition with prejudice.

**I.       Factual Background & Procedural History**

Viprino is serving a 96-month term of imprisonment imposed by the United States District Court for the District of Massachusetts for conspiracy to distribute and possess with intent to distribute fentanyl. See United States v. Viprino, No. 1:17-CR-10354 (D. Mass. Mar. 6, 2019); (Doc. 9-1 at 27). He is presently incarcerated by the BOP in the Lewisburg United States Penitentiary ("USP-Lewisburg").

Prior to the beginning of his term of BOP incarceration, Viprino faced several charges in Massachusetts state court that are relevant to the instant matter. On December 29, 2015, he was charged in the Barnstable Superior Court with intent to distribute heroin, possession of buprenorphine, possession of hydromorphone, possession of clonidine, and conspiracy to violate the Controlled Substances Act.

(Doc. 9 at 3). These charges were docketed at case number 1672CR00051. (Id.) Viprino was in custody for fifteen days before his release on January 12, 2016. (Id.)

On May 20, 2016, Viprino was arrested and charged with possession with intent to distribute fentanyl in the Barnstable Superior Court at docket number 1672CR000143. (Id.) He was released on August 29, 2016 after 102 days in custody. (Id.) On January 13, 2017, Viprino was arrested and charged with possession of heroin in the Barnstable District Court at docket number 1725CR0124. (Id.) He was released on bond on April 18, 2017 after 96 days in custody. (Id.) The possession of heroin charge was eventually dismissed. (Id.)

On November 14, 2017, Viprino was charged by information with conspiracy to distribute and possess with intent to distribute fentanyl in the United States District Court for the District of Massachusetts. Viprino, No. 1:17-CR-10354. Viprino appeared in court on December 20, 2017 and was released on bond that day. (Doc. 9 at 4).

While the federal charges were pending, the Barnstable Superior Court sentenced Viprino on February 1, 2018 to concurrent sentences of two years and two and a half years of imprisonment on the charges at docket numbers 1672CR000143 and 1672CR00051. (Id.) The court applied 150 days of credit towards the sentence for docket number 1672CR00051 and 189 days of credit towards the sentence for 1672CR000143. (Id.)

On March 5, 2019, Viprino pleaded guilty to the charge against him in federal court, and he was sentenced to ninety-six months of imprisonment and five years of supervised release. (Doc. 9-1 at 27-29). The district court ruled that the sentence

was "to begin immediately and run concurrently with the remainder of the sentences the defendant is now serving in connection with Barnstable Superior Court, Docket Nos.: 1672CR000143 and 1672CR00051." (Id. at 28).

Viprino filed the instant petition on November 21, 2021, and the court received and docketed the petition on November 30, 2021. (Doc. 1 at 7). Viprino asserts that the BOP has miscalculated his sentence and seeks a writ of habeas corpus compelling the BOP to credit him for the time he spent in state custody from February 1, 2018 to March 5, 2019. (Id. at 2, 5-6). Viprino also attaches an "affirmation" to his petition, which the court construes as a brief in support of the petition. (Doc. 1-1). In the brief, Viprino states that he is seeking credit for the time he spent in state custody between 2015 and 2019. (Id. at 1-2). Viprino argues that the district court intended for his federal sentence to "retroactively run concurrently" with his state sentences. (Id. at 7). Viprino also appears to argue that his federal conviction should be invalidated if he is not credited for the time spent in state custody because his guilty plea was conditioned on that credit being applied to his sentence. (Id. at 11).

Respondent responded to the petition on December 21, 2021. (Doc. 9). Respondent argues the petition should be denied because Viprino's sentence has been correctly calculated. (Id. at 1). Respondent notes that pursuant to 18 U.S.C. § 3585(b), the BOP is precluded from applying credit to a sentence for time that has already been credited to another sentence. (Id. at 6). Respondent argues the time Viprino spent in state custody from 2015 to the date of his federal sentence cannot be credited towards his federal sentence under Section 3585(b). (Id.)

3

Respondent notes, however, that pursuant to BOP policy resulting from <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971) and <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993), the BOP reviews time spent in non-federal presentence custody "on or after the date of the federal offense up to the date the first sentence begins to run," for potential credit towards the federal sentence. (Doc. 9 at 6). This credit is only applied in cases like the instant one where "the application of the credit on the state sentence was of no benefit to the inmate (meaning the state sentence runs concurrent to the federal sentence and expires prior to the federal sentence)." (<u>Id.</u> at 7). Thus, although Viprino was not entitled to credit for his pre-sentence state custody under Section 3585(b), the BOP credited him with the time he spent in state custody from December 29, 2015 to January 12, 2016; May 20, 2016 to August 29, 2016; and January 13, 2017 to April 18, 2017. (<u>Id.</u>) The BOP also credited him with the one day he spent in federal custody on December 20, 2017. (<u>Id.</u>) These credits resulted in a total of 214 days of prior credit time. (<u>See</u> Doc. 9-1 at 10). Respondent argues that the time Viprino spent in state custody from February 1, 2018 to March 5, 2019 cannot be applied towards his federal sentence pursuant to Section 3585(b) because the time has already been credited to his state sentences. (Doc. 9 at 7-8).

Viprino filed a reply brief on January 7, 2022. (Doc. 11). He acknowledges that the Bureau of Prisons credited him for the time he spent in state presentence custody before February 1, 2018, but argues that the BOP has improperly denied him credit for thirteen months of time he spent in state custody between February

4

1, 2018 and March 5, 2019. (Id. at 3-4). [1] Viprino subsequently filed a "declaration" in which he requests a writ of habeas corpus requiring the BOP to award him earned time credit pursuant to the First Step Act. (Doc. 17).

## II. Discussion

Claims that the BOP has failed to properly calculate a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Burkey v. Mayberry, 556 F.3d 142, 146 (3d Cir. 2009) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."). Whether the petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

---

[1] Viprino's reply brief appears to misconstrue the respondent's response as stating that Viprino has already been credited with time for the period from February 1, 2018 to March 5, 2019. (See Doc. 11 at 3-4 ("This scenario solidif[ies] that Mr. Viprino ha[s] not already received the missing 13-months of presentence[] custody credit from February 1, 2018 to March 5, 2019 as the government has misrepresented in its response.")). Respondent makes no such argument. To the contrary, Respondent asserts that Viprino was credited for time *before* February 1, 2018 but that the BOP did not give him credit for the period from February 1, 2018 to March 5, 2019 pursuant to Section 3585(b). (See Doc. 9 at 7-8).

5

We will confine our analysis to whether Viprino is entitled to credit towards his federal sentence for the time he spent in state custody from February 1, 2018 to March 5, 2019. Although Viprino appears to argue in his supporting brief that he should be given credit for his state custody prior to February 1, 2018, the BOP's sentencing computation reflects that he has been credited with 214 days for that time, (see Doc. 9-1 at 10), and Viprino concedes in his reply brief that he has already been given credit for that time. (See Doc. 11 at 3 (acknowledging that he received "214 days of jail credit")). Any arguments regarding credit for time served prior to February 1, 2018 are therefore moot.

Viprino's claim that he should be given credit for time from February 1, 2018 to March 5, 2019 is without merit. Viprino was given credit for that time towards his state sentences, (see Doc. 9-1 at 5, 23-25), and under 18 U.S.C. § 3585(b), the BOP may not give credit for presentence time that has previously been credited against another sentence. 18 U.S.C. § 3585(b); see also, e.g., Prescod v. Schuylkill, 630 F. App'x 144, 146 (3d Cir. 2015) (concluding that petitioner was not entitled to credit for presentence time in state prison because his "time in state custody was credited towards his state sentence, and therefore could not be credited towards his federal sentence" (citing 18 U.S.C. § 3585(b))); McNair v. Fairton, 611 F. App'x 749, 752 (3d Cir. 2015) (concluding that petitioner could not obtain credit for presentence time in state prison because "Section 3585(b) . . . indicates that credit may not be given toward a federal sentence for time which was previously credited toward any other

sentence").[2] Moreover, the BOP's denial of credit for this time is consistent with the sentencing court's statement that Viprino's sentence was "to begin immediately and run concurrently with *the remainder*" of his state court sentences. (See Doc. 9-1 at 28 (emphasis added)). Hence, we will deny this claim.

We will not consider the alternative argument raised in Viprino's supporting brief that his conviction should be invalidated because his guilty plea was conditioned on receiving time credit for the time spent in state custody. (See Doc. 1-1 at 11). Federal prisoners seeking post-conviction relief generally must pursue their claims through motions in the sentencing court pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Habeas corpus relief pursuant to 28 U.S.C. § 2241 is only appropriate if a Section 2255 motion is "inadequate or ineffective" to adjudicate the claim. Id. Claims seeking to rescind a guilty plea are properly brought through motions pursuant to Section 2255 rather than Section 2241 habeas corpus petitions. See, e.g., Nichols v. United States, 474 F. App'x 854, 857-58 (3d Cir. 2012) (nonprecedential). This court accordingly does not have jurisdiction to grant habeas corpus relief with respect to Viprino's plea claim.

Finally, we will not consider Viprino's argument that he is entitled to earned time credit pursuant to the First Step Act. (See Doc. 17). The argument was not

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

raised in Viprino's original petition, and he must exhaust administrative remedies with respect to the claim before he may pursue it in federal court.

### III.  Conclusion

We will deny the petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 26, 2022